IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **DANIEL G. OSTRANDER,** § | |
| **TDCJ No. 01777095,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:17-cv-00143-M-BP |
| § | |
| **KENDALL RICHERSON,** § | |
| **Warden of the Allred Unit,** § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Daniel Ostrander, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 1. After considering the claims alleged in the Petition, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M.G. Lynn **DENY** Petitioner's Petition for Writ of Habeas Corpus.

**Background**

Ostrander challenges the validity of disciplinary action no. 20170349659, in which he was charged with lying to a staff member and inflicting bodily injury for secondary gain, pursuant to the Texas Department of Criminal Justice's Disciplinary Rules and Procedures for Offenders. ECF Nos. 1 at 3; 14 at 2. Ostrander states that the disciplinary action resulted in thirty days good time credit lost and line class reduction for a period of one year. ECF No. 1 at 3–4. Ostrander argues that he was denied the right to attend the disciplinary hearing, that the charges against him are "unsupported by any evidence," and that the Disciplinary Hearing Officer in his case failed to provide a meaningful explanation for finding him guilty of the charges. ECF No. 2.

At the August 1, 2017, disciplinary hearing, Ostrander was represented by Substitute Counsel Adams, who entered a not guilty plea on his behalf. ECF Nos. 1-1; 14 at 3. Ostrander did not attend the hearing in person. ECF Nos. 2 at 2; 15-1 at 3 The Disciplinary Hearing Officer found that Ostrander was guilty of the offense of lying to a staff member, but dismissed the self-injury charge. ECF No. 14 at 3.

Ostrander filed the instant petition on September 29, 2017. ECF No. 1. On December 19, 2017, the Court issued a questionnaire to Ostrander seeking to clarify whether he was eligible for mandatory supervised release under Texas Government Code § 508.149, to which Ostrander answered "Yes . . . to the best of [his] belief and knowledge[.]" ECF Nos. 8–9. Pursuant to this Court's order (ECF No. 10), the State filed an answer in which it argued that Ostrander's petition should be denied and dismissed with prejudice because it raises claims that do not entitle Ostrander to federal habeas relief. ECF No. 14. On April 2, 2018, Ostrander filed a reply to the State's answer. ECF No. 18.

## **Analysis**

Ostrander has failed to state a colorable claim for habeas corpus relief. Inmates generally do not have protected liberty interests in their privileges. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardship in relation to the ordinary incidents of prison life.

Although Ostrander states that he is eligible for mandatory supervised release, he is not. Under Tex. Gov't Code § 508.149, "an inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of a felony under Section

22.011" of the penal code. Ostrander was previously convicted under Section 22.011 for sexual assault of a child. ECF No. 14-1. Therefore, he had no constitutionally protected liberty interest at stake during the disciplinary proceeding. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Moreover, changes in the conditions of Ostrander's confinement resulting from the disciplinary action taken against him do not affect the duration of his confinement and do not constitute atypical, significant hardships going beyond the ordinary incidents of prison life. *Id.* at 768; *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973)). Absent such a liberty interest, due process does not attach to a prison disciplinary action.

Even assuming *arguendo* that Ostrander had a liberty interest at stake, his request for habeas relief lacks merit for the following reasons. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Prisoners are entitled to the following rights when threatened by the loss of good time in prison disciplinary proceedings: (1) written notice of the claimed violation at least twenty-four hours before a disciplinary hearing, (2) a written statement of the fact finders as to the evidence relied on and reasons for the disciplinary action taken, and (3) the right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals. *Walker v. Navarro County Jail*, 4 F.3d 410, 412 (5th Cir. 1993) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563–66 (1974)). The Supreme Court has specifically held that a prisoner does not have "a due process right to confrontation or cross-examination during prison disciplinary proceedings." *Wolff*, 539 U.S. at 556. The Court subsequently placed severe

limitations on challenges to disciplinary cases in *Sandin v. Conner*, 515 U.S. 472 (1995) ("Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. . . . Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law.").

The evidence shows that Ostrander had adequate notice of the disciplinary hearing. On his offender grievance form, Ostrander wrote that "[O]n July 25th, 2017, Sgt. Whitfield wrote a disciplinary report alleging that [Ostrander] lied to medical staff concerning medical treatment [he] was receiving for injuries inflicted onto [him] by prison staff, and that [he] had self-inflicted said injuries." ECF No. 15-2 at 3. The disciplinary hearing records indicate that Ostrander was notified of his August 1, 2017 disciplinary hearing on July 28, 2017, but declined to sign the document notifying him of the hearing. ECF No. 15-1 at 3. Further, Ostrander states in his Petition that "the Counsel Substitute representing [him] in these disciplinary proceedings having informed [him] that she would obtain copies of his . . . records [to show] them to the Disciplinary Hearing Officer," which suggests that he had notice of the hearing. ECF No. 2 at 2; *see Johnson v. Director*, No. 6:09-cv-379, 2010 WL 519724, at *4 (E.D. Tex. Feb. 9, 2010) (finding no due process violation when the petitioner was given written notice of the charges against him twenty-four hours before the disciplinary hearing). Thus, Ostrander had more than twenty-four hours' notice of the charges against him before the disciplinary hearing took place.

Additionally, the evidence shows that Ostrander waived his right to attend the hearing. The Disciplinary Hearing Officer found that Ostrander waived his right to attend the hearing based on Substitute Counsel Adam's statement and Ostrander's nonappearance. ECF No. 17. As indicated in the audio records, Ostrander's Substitute Counsel told the Disciplinary Hearing Officer that

Ostrander was notified of the hearing, he refused to attend the hearing, and he was told his rights under the TDCJ policies. ECF No. 17. Ostrander had the opportunity to present his case during the disciplinary hearing, and in fact did so through Substitute Counsel Adams. He also could have attended the hearing in person, but apparently chose to forego that opportunity.

Ostrander contends that he had an absolute right to be present at the disciplinary proceeding. ECF No. 2 at 3. "The law does not require that petitioner attend the disciplinary hearing, only that he had an opportunity to do so." *Johnson*, No. 2:14-cv-00028, 2017 WL 10261264, at *3 (citing *Moody v. Miller*, 864 F.2d 1178, 1180 (5th Cir. 1989) ("Due process requires only that the government operate under procedures that give a person a fair opportunity to ensure that the governmental decision affecting that person's life, liberty, or property is just; it does not mean that the government, in an effort to make sure that everyone does what is in his or her best interests, must see to it that each person takes advantage of these opportunities."). The Court has no basis to grant habeas corpus relief on this issue.

The evidence shows that Ostrander was provided a written statement from the fact finder as to the evidence relied on and reasons for the disciplinary action taken in the form of a copy of the Disciplinary Report and Hearing Record, although he refused to sign an acknowledgment for receipt of the final report. ECF No. 15-1 at 3. His refusal to acknowledge receipt does not alter the fact that he was provided a written statement of the evidence relied upon and reasons for the decision.

Finally, there was evidence to support the charges made against Ostrander, despite his arguments to the contrary. The role of the federal courts in reviewing the evidence from prison disciplinary cases is very limited. The Court must only "examine if the guilty finding has 'support of some facts' or 'any evidence at all.'" *Johnson v. Stephens*, No. 2:14-cv-00028, 2017 WL

10261264, at *3 (N.D. Tex. Feb. 23, 2017) (citing *Hudson v. Johnson,* 242 F.3d 534, 537 (5th Cir. 2001)). The "some evidence" standard is extremely deferential. *Morgan v. Dretke*, 433 F.3d 455, 457 (5th Cir. 2005). In the present case, the audio records of the state court disciplinary hearing show that the Disciplinary Hearing Officer considered evidence presented by the parties, including Ostrander's records from the local mental health authority and other medical records, the disciplinary report, and case investigation. ECF Nos. 15; 17 (Disciplinary Hearing Audio). There was evidence in the record considered by the hearing office to support his finding against Ostrander. Accordingly, this claim for relief is without merit.

## Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition for writ of habeas corpus be **DENIED**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed April 30, 2018.

                                                            Hal R. Ray, Jr.
                                                          UNITED STATES MAGISTRATE JUDGE